IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL M. ASKINS,

    Plaintiff,

v.                                                                                   Civ. No. 14-1111 KK

CAROLYN COLVIN *et al.*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Proceed Without Prepaying Costs or Fees (Doc. 2), filed December 8, 2014 ("Motion to Proceed IFP"). For the reasons stated below, the Court will grant Plaintiff's Motion to Proceed IFP. The Court will also dismiss Plaintiff's complaint without prejudice and grant Plaintiff twenty-one (21) days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this action.

**I.**      **Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)**

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize a person to commence a suit without prepayment of fees, if the person submits an affidavit that lists all of the assets he or she possesses and attests that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of

1

the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).

The Court will grant Plaintiff's Motion to Proceed IFP. Plaintiff has submitted a signed declaration, in which he states that he is unable to pay the costs of these proceedings and declares that the information regarding his income is true. Plaintiff states that: (i) he is unemployed; (ii) he has had no income during the previous year; (iii) he has only $20.00 in cash and no other assets; and, (iv) his monthly expenses include $10.00 for a bus pass and an unknown amount for food. Based on his declaration that he is unemployed and has had no income during the previous twelve months, the Court concludes that Plaintiff is unable to prepay the fees and costs of this proceeding.

## II.   Review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, *i.e.*, the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

2

Plaintiff's *pro se* complaint asserts several claims against the Social Security Administration ("SSA") and several SSA employees, including claims based on the torts of trespass and conversion, and the alleged violations of several federal criminal statutes. Plaintiff's case appears to be based on the SSA's determination that Plaintiff is not disabled and its failure to provide Plaintiff with the information it used to make that determination. (Doc. 1.) However, Plaintiff does not appear to seek judicial review of the SSA's determination pursuant to 42 U.S.C. § 405(g), or an order that the SSA provide Plaintiff with any information pursuant to the Freedom of Information Act, 5 U.S.C. § 552. (*Id.*)

Plaintiff's complaint fails to state a claim against SSA employees Carolyn Colvin, A.J. Sanchez, J. or Jay Gonzales, Susan M., and Bill Dyke, because Plaintiff does not mention any of these individuals in the factual allegations in his "Summary of Alleged Conduct." (*Id.* at 12-15.) Plaintiff thus fails to allege what each SSA employee did to Plaintiff, when the employee committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a [*pro se* litigant] must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Consequently, the claims against Defendants Colvin, Sanchez, Gonzales, Susan M. and Bill Dyke should be dismissed.

Counts One and Two of the complaint fail to state a claim upon which relief may be granted. Count One asserts a trespass claim and states in part that SSA employees "trespass[ed] upon my property (rights to due process) and my right to property." (Doc. 1 at 15.) Count Two asserts a theft/conversion claim and states in part that SSA employees "deprived [Plaintiff] of

3

possession of [his] property." (*Id.*)  The assertions in Counts One and Two, even when considered with the factual allegations, are vague and conclusory.  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Counts One and Two of Plaintiff's complaint should therefore be dismissed.

Counts Two[1] through Eight also fail to state claims upon which relief may be granted.  It is not clear from the complaint what each of Counts Two through Eight are, because the section titled "Counts two through eight Violation of UNITED STATES CODE(s)" only lists several federal statutes and sets forth one paragraph which does not specifically identify each count.  (Doc. 1 at 15.)  Several of the listed statutes are criminal.  (*Id.*)  The complaint then sets forth penalties, both fines and possible imprisonment, for Defendants' alleged statutory violations.  (*Id.* at 17-22.)  The complaint also asserts "Counts nine and ten Violation of precedent; Hagans v Lavine 415 U.S. 533 AND Joyce v U.S. 474 2d 215; concealment 18USC § 2017."  Section 2017 is a criminal statute which authorizes fines and imprisonment for persons who unlawfully conceal, remove or mutilate records filed or deposited in any public office.  18 U.S.C. § 2017.  Plaintiff is not entitled to relief on his claims that Defendants should be charged and found guilty of violating federal criminal statutes.  *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  The Court therefore finds that Counts Two through Ten of Plaintiff's complaint should also be dismissed.

---

[1] Plaintiff's complaint contains two counts labeled as "Count Two."  (Doc. 1 at 15.)

The Court will grant Plaintiff twenty-one (21) days from entry of this Order to file an amended complaint to address the deficiencies described above.  Failure to do so may result in dismissal of this case.

### III. Service of Process on Defendants pursuant to 28 U.S.C. § 1915(d)

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Likewise, Federal Rule of Civil Procedure 4 provides that

> [a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).  The Court will not order service of process on Defendants at this time. Rather, the Court will order service of process pursuant to Rule 4(c)(3) if Plaintiff timely files an amended complaint which states a claim upon which relief may be granted.  Plaintiff's amended complaint shall include the addresses of all defendants named in the amended complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed Without Prepaying Costs or Fees (Doc. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (Doc. 1) is hereby DISMISSED WITHOUT PREJUDICE.  Plaintiff may file an amended complaint, which shall include the addresses of all defendants named in the amended complaint, within twenty-one (21) days of entry of this Order.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE